United States Court of Appeals,

Fifth Circuit.

No. 93-5455

Summary Calendar.

AGRILECTRIC POWER PARTNERS, LTD. and Agrilectric Power, Inc., Plaintiffs-Appellants,

v.

GENERAL ELECTRIC CO., Defendant-Appellee.

May 17, 1994.

Appeal from the United States District Court For the Western District of Louisiana.

Before POLITZ, Chief Judge, JONES and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Agrilectric Power Partners, Ltd. and Agrilectric Power, Inc. (Agrilectric) appeal an adverse summary judgment dismissing their action against General Electric Company (G.E.) for *res judicata.* We affirm.

*Background*

In 1984 Agrilectric purchased a steam turbine from G.E. for use in its Lake Charles, Louisiana facility. G.E. installed the turbine pursuant to a sales contract and maintained it pursuant to several service contracts. In 1990 the turbine failed, causing serious damage to Agrilectric's equipment. Agrilectric filed its first suit against G.E. shortly thereafter alleging design and installation defects as well as failure to warn. The district court granted G.E.'s motion for summary judgment urging liberative prescription and dismissed Agrilectric's complaint. In a motion

1

for reconsideration Agrilectric advanced the service contracts as an alternate source of liability.  The district court rejected the contention as untimely and we affirmed.[1]

Agrilectric filed the instant complaint two weeks later, this time alleging breach of the service contracts.  Agrilectric alleges that G.E.'s failure to perform the contracts in a workmanlike manner caused the turbine to crash.  G.E. moved for summary judgment on this complaint, citing *res judicata*.  Determining that Agrilectric's second action arose from the same transaction as the first, the district court granted G.E.'s motion and dismissed the complaint.  A motion for reconsideration was denied; Agrilectric timely appealed.

*Analysis*

We review the district court's grant of summary judgment *de novo*.[2]  Agrilectric maintains that separate contracts formed the basis for its separate actions and thus *res judicata* does not apply.  It alternatively contends that its service contract theory of liability, barred from the first suit on its motion for reconsideration, may not now be rejected from the present action on grounds of *res judicata.*  Neither contention is persuasive. Federal law determines the preclusive effect of a prior federal

---

[1]*Agrilectric Power v. General Electric,* 986 F.2d 1419 (5th Cir.1993).

[2]*Wilkerson v. Columbus Separate School Dist.,* 985 F.2d 815 (5th Cir.1993).

judgment;[3] that law provides that *res judicata* shall bar a subsequent action when a prior action involving the same parties and the same cause of action reached final judgment on the merits in a court of competent jurisdiction.[4] Agrilectric concedes that elements one, three, and four are met; it contests only the requirement that both suits involve the same cause of action.

We have adopted a transactional test for determining whether two complaints involve the same cause of action.[5] "Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts."[6] If the factual scenario of the two actions parallel, the same cause of action involved in both. The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry.[7]

Agrilectric based each of its actions on the failure of the steam turbine. That the theories underlying these actions were

---

[3]*Meza v. General Battery Corp.*, 908 F.2d 1262 (5th Cir.1990).

[4]*Nilsen v. City of Moss Point,* 701 F.2d 556 (5th Cir.1983) (*en banc* ); *Matter of Baudoin,* 981 F.2d 736 (5th Cir.1993).

[5]*Baudoin; Eubanks v. F.D.I.C.,* 977 F.2d 166 (5th Cir.1992); *Matter of Howe,* 913 F.2d 1138 (5th Cir.1990).

[6]*Matter of Howe,* 913 F.2d at 1144; *see also Baudoin; Eubanks.*

[7]*Nilsen; see also Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534 (5th Cir.1991); *Matter of Howe; Slaughter v. AT & T Information Systems, Inc.,* 905 F.2d 92 (5th Cir.1990); *Langston v. Insurance Company of North America,* 827 F.2d 1044 (5th Cir.1987).

based on different contracts does not transform the theories into separate causes of action. In each suit, Agrilectric (1) complained of the same accident, (2) alleged the same product deficiency, and (3) claimed the same damages. Each suit involved the same nucleus of operative facts and thus the same cause of action.

Agrilectric's argument that it was precluded from raising the service contract theory in its first motion for reconsideration in the first action likewise affords no relief. This is not a situation in which legal or procedural hurdles prevented Agrilectric from timely asserting its theory; rather, Agrilectric could have introduced the theory earlier but, for whatever reason, opted not to do so. "[O]ne who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar."[8] This rule applies equally to situations in which a claimant fails to raise an alternate theory in a timely fashion.[9] The district court properly granted G.E.'s motion for summary judgment and its judgment is AFFIRMED.

---

[8]*Nilsen,* 701 F.2d at 559; *Langston,* 827 F.2d at 1048.

[9]*Nilsen.*