IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40877
Summary Calendar
_____


PHILIP H. BISHOP; REBECCA DAVIS; TERRY EDWARDS;
CAROL HERZIG; GUY PATRICK; KIRDES SCHUBERT, JR.;
BETTY SHARPLIN; DERREL A. BAKER; JOHN PERRIN;

Plaintiffs-Appellants,

v.

KERR-MCGEE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:01-CV-330)
_____

January 3, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

All parties to this appeal were before us recently when the same Plaintiffs-Appellants appealed from the same district court's grant of summary judgment in favor of the same Defendant-Appellee. In that prior suit, the court dismissed these Plaintiffs-Appellants' ERISA claims grounded in alleged misdeeds of Kerr-McGee in connection with its acquisition, via merger, of Oryx Energy

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Company.  We affirmed the district court in that appeal, No. 01-40904, and denied rehearing en banc.

In that case, the Plaintiffs-Appellants had attempted to add to their ERISA claims additional claims under the Workers Adjustment and Restraining Notification (WARN) Act.[1]  They did so in June, 2001, more than seven months after the Docket Control Order's deadline for amending pleadings and more than two months after Kerr-McGee filed its motion for summary judgment.  The district court rejected that attempt as untimely and, on July 18, 2001, granted Kerr-McGee's motion for summary judgment.

On the very same day, Plaintiffs-Appellants filed this new suit in the Northern District of Texas, asserting the same WARN Act claims that they had been tardy in attempting to assert in their initial ERISA case in the Eastern District.  When this became apparent to the district court for the Northern District, it transferred the case <u>sua</u> <u>sponte</u> to the Eastern District, which had heard and disposed of the earlier case.  After Kerr-McGee filed a motion for summary judgment grounded in <u>res</u> <u>judicata</u> and collateral estoppel, the  Plaintiffs-Appellants filed their first motion for leave to amend their complaint by adding a new plaintiff, which motion was denied after the Plaintiffs-Appellants voluntarily dismissed the claims of the additional plaintiff whom they had sought to add.  The Plaintiffs-Appellants then sought leave to

---

[1]  29 U.S.C. § 2101, <u>et</u> <u>seq</u>.

2

amend their complaint a second time, again seeking to add yet another individual as a plaintiff, which motion was likewise denied. Thereafter, the court granted Kerr-McGee's motion for summary judgment, dismissing the Plaintiffs-Appellants' WARN Act claims as precluded by res judicata and rejecting as improper their efforts to amend their complaint to add parties. The Plaintiffs-Appellants timely filed their notice of appeal.

We have carefully reviewed the record in the instant WARN Act case and the pertinent portions of the record and judgment in the earlier ERISA case in light of the arguments and citations in the appellate briefs of counsel. From our review, we are satisfied that the district court correctly dismissed the WARN Act claims of Plaintiffs-Appellants as precluded by res judicata: The parties are identical in both suits; the judgment on the merits in the first suit is final; the court is competent to adjudicate both cases; and under our precedent in Agrilectric Power Partners, Ltd. v. General Electric Co.,20 F.3d 663 (5th Cir. 1994), the same cause of action is involved in both suits, because the claims in each arise from precisely the same nucleus of operative facts. But for their own dilatoriness, the Plaintiffs-Appellants could have —— and therefore should have —— timely asserted their WARN Act claims in their initial lawsuit. We are also satisfied that the court did not abuse its discretion in denying the Plaintiffs-Appellants' efforts to amend their complaint; neither do we perceive any

3

reversible error in the district court's disposition of class certification that the Plaintiffs-Appellants had sought.

For essentially the same reasons set forth in the report and recommendation of the United States Magistrate Judge and in the district court's opinion that adopted it, all rulings of the district court, including its final judgment dismissing the instant case with prejudice, are, in all respects,

AFFIRMED.