**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-60185
(Summary Calendar)

TROY T. REDMOND,

Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
WOOD BROWN, RUFUS BURKS, FRED CHILDS,
JOHN HOLTOM, also known as John Haltom,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:00-cv-849BN)

January 24, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Troy T. Redmond ("Redmond") appeals from the district court's grant of summary judgment

to his former employer, the Mississippi Department of Corrections ("MDOC"), as well as individual

employees of MDOC (collectively, the "Defendants") regarding his claims under Title VII, 42 U.S.C.

§§ 1981, 1983, and 1985(3). For the following reasons, we affirm.

---

[*] Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

Redmond's employment with the MDOC resulted in two terminations, three lawsuits and a criminal conviction. Redmond's first termination occurred on April 7, 1999 as a result of his constant tardiness, insubordination, and negligence in performing his job duties. Redmond appealed his termination to the Employee Appeals Board ("EAB"). On August 17, 1999, the EAB overturned Redmond's termination and suspended him for thirty days without pay. On September 21, 1999, Redmond was reinstated to his former position. Redmond's second termination occurred on October 18, 1999 as a result of an assault conviction.[1]

Following each termination, Redmond filed charges with the EEOC and lawsuits against the MDOC and individual employees of the MDOC.[2] Each of those cases were dismissed with prejudice. In this case, Redmond alleges that the Defendants discriminated against him in violation of Title VII because of his race and sex. Redmond further alleges violations of §§ 1981, 1983, and 1985(3). The district court granted summary judgment to the Defendants. Redmond now appeals.

DISCUSSION

We review a district court's grant of summary judgment *de novo*. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the

---

[1]On March 16, 1999, Redmond was scheduled to have an administrative hearing on various charges related to his employment with the MDOC. At the hearing, Redmond hit David Fondren in the face with a tape recorder. Assault charges were filed against both, however only Redmond was found guilty.

[2]Redmond's first complaint was filed in response to his termination by the Defendants on April 7, 1999. See Redmond v. Mississippi Dep't of Corrections, et al., No. 3:99-cv-804BN (D. Miss. filed Dec. 15, 2000). Redmond filed a second complaint in response to his second termination. See Redmond v. Mississippi Dep't of Corrections, et al., No. 3:00-cv-176WS (D. Miss. filed May 31, 2001). The district court dismissed both suits. In both complaints, Redmond alleged causes of action under Title VII, §§ 1981, 1983, and 1985(3).

2

record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

I.      Preliminary Issues

On December 26, 2000, the Defendants filed their Answer to Redmond's complaint ("First Answer"). On January 22, 2001, the Defendants filed a second Answer to Redmond's complaint ("Second Answer"). The Defendants subsequently moved to withdraw their Second Answer, which the district grant granted. Redmond argues that the district court erred in granting the Defendants' motion to withdraw their Second Answer.  We find no such error. Redmond contends that the Defendants should be bound by the statements in the Second Answer, which he asserts contain an admission of guilt. After careful review, we find that the Second Answer does not contain an admission and does not differ significantly from the responses contained in the First Answer.

Redmond also contends that the district court erred by not allowing him the opportunity to respond to the Defendants' motion for summary judgment. We disagree. The record indicates that Redmond did not file a notice of an intent to respond to the Defendants' motion for summary judgment and did not request additional time to do so. Thus, pursuant to Local Rules 7.2(C) and (D) for  the United States District Court for the Southern District of Mississippi, the district court correctly ruled on  the  Defendants' motion for summary judgment without a response from Redmond.

II.     Redmond's Claims

The district court correctly applied the doctrine of res judicata to Redmond's claims against all of the Defendants, with the exception of Rufus Burks ("Burks").  The record reveals that

3

Redmond filed suit against the same parties in earlier lawsuits.[3]  Although Redmond now argues that the Defendants discriminated against him on the basis of his sex, the allegations arise from the "same nucleus of operative facts," - i.e. his terminations on April 7, 1999 and October 18, 1999 - which formed the basis of his previous lawsuits.  See Agrilectric Power Partners, Ltd. v. General Electric Co., 20 F.3d 663, 665 (5th Cir. 1994) (holding that the "critical issue is not the relief requested or the theory asserted[,] but whether the plaintiff bases the two actions on the same nucleus of operative facts").  The district court also correctly held that Redmond failed to exhaust his administrative remedies by not attaching a copy of an EEOC right to sue letter or a copy of his complaint filed with the EEOC.

With respect to Burks, the district court held that there were no genuine issues of material fact with regard to Redmond's claims under Title VII, §§ 1981, 1983, and 1985(3). We agree.  The law is clear that Redmond is prohibited from bringing a Title VII claim against Burks in his individual capacity. See Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999) (holding that the "[Fifth Circuit] does not interpret [Title VII] as imposing individual liability"). Furthermore, in order to establish a § 1981 violation, Redmond must show the existence of a contract between himself and Burks and evidence of intentional discrimination.  Redmond failed to present such evidence, thus, Redmond's § 1981 claim fails as well.  Redmond's § 1983 claim against Burks in his official capacity is barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (holding that because a judgment against a state official in his official capacity imposes liability on the entity

[3]In Redmond's first lawsuit, he alleged that MDOC, Fred Childs, David Fondren, Wood Brown and John Haltrom discriminated against him in violation of Title VII, §§ 1981, 1983 and 1985(3).  In Redmond's second lawsuit, he alleged the same causes of action against the same defendants adding only James Anderson.

4

he represents, the Eleventh Amendment bars suits against such officials). Redmond's § 1983 claim against Burks in his individual capacity also fails because Redmond did not show that Burks's conduct violated his constitutionally protected rights. Lastly, Redmond argues that the Defendants, including Burks, conspired with one another to discriminate against him because of his race and sex in violation of § 1985(3). The record contains no such evidence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.

AFFIRMED.