United States Court of Appeals
Fifth Circuit

**F I L E D**

February 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30633
Summary Calendar

GULF SOUTH MEDICAL AND SURGICAL INSTITUTE;
BURKS-FARBER CLINICS;
GEORGE A. FARBER, SR., M.D.,

                                                    Plaintiffs-Appellants,

v.

AETNA LIFE INSURANCE CO.,

                                                    Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:04-CV-02868-MLCF-DEK)

Before KING, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Gulf South Medical and Surgical Institute, Burks-Farber Institute, and George A. Farber, Sr., M.D. (collectively "appellants") appeal the district court's orders dismissing their complaint for failure to state a cause of action and imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure. We affirm the order of dismissal but vacate the sanctions order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

### FACTS AND PROCEEDINGS

In 1993, appellants sued Defendant-Appellee Aetna Life Insurance Co. ("Aetna") and Lafarge Corporation in a Lousiana state court to recover medical charges to which appellants claimed they were entitled but wrongly denied, alleging defamation and abuse of discretion in the denial of benefits. The claims at issue were for dermatological treatment of Edwin Delaney between August 1988 and June 1990. Following removal to federal court, the action was dismissed by summary judgment, and we affirmed on appeal.

In September 2004, appellants again sued Aetna in state court, again alleging that Aetna wrongfully withheld the same payments for Delaney's dermatological treatment rendered during precisely the same period. This time, appellants asserted fraudulent concealment as their legal theory, basing their theory on a class action pending in Florida against Aetna which involves patients treated between August 4, 1990 and June 23, 2004. Again, this new state court action was removed to federal court, and the district court again dismissed under Rule 12()(6)b, albeit for reasons of res judicata. In addition, the court imposed sanctions "for filing claims which have already been resolved" by the court. It is from the dismissal and sanctions orders that appellants appeal.

## II.

### ANALYSIS

### A.   Rule 12(b)(6) Dismissal

We review <u>de novo</u> a district court's dismissal under Rule 12(b)(6).[1]  We construe the complaint liberally in favor of the appellants, and we will affirm only if it appears beyond doubt that they can state no cause of action.

Res judicata bars an action when a court of competent jurisdiction has rendered a prior judgment in an action in which (1) the parties are the same, (2) there has been a final judgment on the merits, and (3) the same cause of action is involved.[2]  We use a transactional test to determine whether two complaints involve the same cause of action.[3]  If the same nucleus of operative facts underlies both actions, they involve the same cause of action.[4]  "The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry."[5]

---

[1] <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999).

[2] <u>Test Masters Ed. Services, Inc. v. Singh</u>, 428 F.3d 559, 571 (5th Cir. 2005).

[3] <u>Id.</u>  See also <u>Agrilectric Power Partners, Ltd. v. General Elec. Co.</u>, 20 F.3d 663, 665 (5th Cir. 1994).

[4] <u>Agrilectric</u>, 20 F.3d at 665.

[5] <u>Id.</u>

3

The instant action arises out of the same nucleus of operative facts as did the 1993 suit. Appellants' allegations in the second petition assert claims for the same payments that were at issue in the first lawsuit. That they now claim entitlement to the payments under a new <u>theory</u> —— fraudulent concealment —— does not insulate the present complaint from res judicata. As the district court correctly noted, appellants fail to demonstrate how a class action currently pending in Florida involving claims asserted on behalf of different patients during a different period affects the issues and disposition of this case. We affirm the district court's dismissal of the second, removed state action.

**B.  Sanctions**

We review a district court's imposition of sanctions for abuse of discretion.[6] Rule 11 does not apply to filings made in state court.[7] "To uphold sanctions under [R]ule 11, we must be able to point to some <u>federal</u> filing in which the sanctioned attorney violated that rule."[8] Here, the district court imposed sanctions in the form of attorney's fees and costs for appellants' "filing

---

[6]<u>Whitehead v. Food Max of Mississippi, Inc.</u>, 332 F.3d 796, 803 (5th Cir. 2003).

[7]<u>Edwards v. Gen. Motors Corp.</u>, 153 F.3d 242, 245 (5th Cir. 1998) (noting that "[t]here is no indication, in the text of the rule, that it applies to filings in any court other than a federal district court" and declining to uphold a sanctions award to the extent that it punished the filing of a state court petition).

[8]<u>Id.</u> (emphasis added).

4

claims which have already been resolved by the Court." In other words, the <u>filing</u> for which the district court sanctioned appellants was the petition filed in the second lawsuit. Significantly, however, appellants filed their second petition in Louisiana state court, as they had in the first case. We may not uphold an award of sanctions imposed under Rule 11 on the basis of state court filings. As a matter of law, then, we must hold that the district court abused its discretion when it imposed sanctions in this case based solely on a state court filing.

Aetna attempts to preserve its sanctions award by re-characterizing the basis of the sanctions as appellants' response to Aetna's motion to dismiss, rather than to appellants' filing of the lawsuit itself. Aetna's argument is unpersuasive. The district court order makes perfectly clear that it imposed sanctions for appellants' <u>filing</u> of the second suit. Furthermore, review of Aetna's district court motion for sanctions belies its current re-characterization. Aetna filed that motion based solely on the assertion that <u>the suit</u> was filed in violation of Rule 11; yet that suit was filed in state court, then removed by Aetna. We are constrained, therefore, to vacate the imposition of sanctions.

## III.

## CONCLUSION

For the foregoing reasons, the district court's summary judgment of dismissal is affirmed, but its sanction order is vacated.

AFFIRMED in part, and VACATED in part.