Affirmed and Memorandum Opinion filed April 20, 2006









Affirmed and Memorandum Opinion filed April 20, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00210-CV

_______________

 

WOLFGANG HIRCZY DE MINO, Appellant

 

V.

 

EDWARD P. SHERIDAN AND JERALD W.
STRICKLAND, IN HIS OFFICIAL CAPACITY AS SUCCESSOR TO EDWARD P. SHERIDAN IN THE
OFFICE OF PROVOST AT THE UNIVERSITY OF HOUSTON, Appellees

                                                                                     
                                                          

On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 03‑01538

                                                                                                                                               


 

M E M O R A N D
U M   O P I N I O N

Appellant, Wolfgang Hirczy de Mino, appeals from a summary
judgment granted in favor of appellees, Edward P. Sheridan, individually, and
Jerald W. Strickland In His Official Capacity As Successor To Edward P.
Sheridan In The Office Of Provost At The University of Houston (AStrickland@). 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.  

 








I.  
Procedural History

De Mino was a political science lecturer at the University of
Houston (UH).  In August of 2001,
Sheridan, acting as provost, refused to approve the renewal of de Mino=s employment contract.  De Mino filed a wrongful termination suit
against UH.  However, a federal district
court granted summary judgment in favor of UH. 
See Hirczy de Mino v. Achenbaum, Nos. 02-20772, 02-20943, 2003 WL
22770156 (5th Cir. Nov. 21, 2003) (not designated for publication).

De Mino subsequently filed suit against Sheridan in his
official and individual capacities for defamation, defamation per se,
negligence per se, and violations of certain rights under the Texas
Constitution.  De Mino also sought a temporary
injunction to prevent Sheridan from republishing the allegedly defamatory
statements.  The trial court granted
Sheridan=s plea to the jurisdiction and
dismissed all constitutional claims against Sheridan in his official
capacity.  The trial court also denied de
Mino=s application for a temporary
injunction.  De Mino filed interlocutory
appeals challenging the trial court=s orders denying the temporary
injunction and granting the plea to the jurisdiction.  The First Court of Appeals affirmed the trial
court=s orders.  See De Mino v. Sheridan, 176 S.W.3d
359 (Tex. App.CHouston [1st Dist.] 2004, no
pet.).  

After the trial court granted the plea to the jurisdiction,
the only causes of action that remained relative to de Mino=s original pleadings were the
defamation, defamation per se, and negligence per se claims against Sheridan in
his individual capacity.  However, de
Mino filed a Fourth Supplemental Petition against the provost in his official
capacity (Strickland) Ain light of Defendant=s persistent efforts to have
Plaintiff=s claims dismissed.@ 
In his Fourth Supplemental Petition, de Mino claimed there was an
unwritten UH policy prohibiting romantic relationships between faculty and
students, and that the policy violated his rights under the state and federal
constitutions.








Subsequently, the trial court entered a final summary
judgment disposing of de Mino=s defamation, defamation per se, and negligence per se claims
against Sheridan in his individual capacity, and the constitutional claims
against Strickland in his official capacity. 
The trial court=s order granting final summary judgment forms the basis for
this appeal.[1]


II. 
Discussion

In his first three issues, de Mino contends that the trial
court erred in granting summary judgment on all claims.  To prevail on a motion for traditional
summary judgment, the movant must show that there is no genuine issue of
material fact and the movant is entitled to judgment as a matter of law.  See Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002). In reviewing a summary judgment, we take as true all evidence
favorable to the nonmovant, and we resolve all doubts and indulge every
reasonable inference in the nonmovant=s favor. Grant, 73 S.W.3d at
215.  Summary judgment is properly
granted if a defendant conclusively proves each element of an affirmative
defense.  Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999).

A.        Defamation,
Defamation Per Se, and Negligence Per Se Claims against Sheridan 

In his first issue, de Mino argues that the trial court erred
in granting summary judgment in favor of Sheridan on his claims of defamation,
defamation per se, and negligence per se. 
De Mino bases these claims on allegedly false and defamatory statements
made by Sheridan in two affidavits and a deposition.  Both affidavits were filed in support of UH=s motion for summary judgment in de
Mino=s previous suit against UH in federal
court.  The deposition was also taken by
de Mino in the course of pre-trial discovery in the federal suit.  








In his affidavits, Sheridan explained his decision to terminate
de Mino=s employment.  Specifically, Sheridan stated he had learned
that one of de Mino=s students filed a sexual harassment complaint against de
Mino.  He also stated he was informed
that de Mino denied harassing the student, but admitted to having an affair
with her while she was enrolled in one of his classes.  In his deposition, Sheridan again explained
that he had been informed of a sexual harassment complaint, but that he had no
personal knowledge as to the truth of the sexual harassment accusations. 

Sheridan asserts the judicial communications privilege as an
affirmative defense.  It is well
established that communications in the due course of judicial proceedings
cannot serve as the basis of a civil action for defamation, regardless of the
negligence or malice with which the statements were made.  James v. Brown, 637 S.W.2d 914, 916
(Tex. 1982) (per curiam).  Such
communications also cannot form the basis of liability for other torts,  including negligence, when the essence of the
claim is that injury occurred as the result of allegedly false statements made
during a judicial proceeding.  Bird v.
W.C.W., 868 S.W.2d 767, 771B72 (Tex. 1994); Laub v. Pesikoff, 979 S.W.2d 686, 691B92 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied).  The privilege extends to
statements made by judges, jurors, counsel, parties or witnesses, and attaches
to all aspects of judicial proceedings, including pre-trial hearings,
depositions, affidavits and any of the pleadings or other documents filed in
the case.  James, 637 S.W.2d at
916B17.








De Mino argues that as a matter of public policy, the
judicial communications privilege should not apply to perjured testimony.  There is no indication that Sheridan=s statements were perjured.[2]   Nevertheless, any communication, including
perjured testimony, made during the course of a judicial proceeding is
privileged and cannot form a basis for tort liability.  See Bird, 868 S.W.2d at 771; Ross
v. Arkwright Mut. Ins. Co., 892 S.W.2d 119, 132 (Tex. App.CHouston [14th Dist.] 1994, no writ).
The privilege is founded on the theory that Athe administration of justice
requires full disclosure from witnesses, unhampered by fear of retaliatory
suits.@ James, 637 S.W.2d at 917.  We will not disturb this sound
reasoning.  Because Sheridan has
conclusively established that the statements forming the basis for de Mino=s defamation, defamation per se, and
negligence per se claims were privileged, the trial court properly granted
summary judgment in favor of Sheridan on those claims.  De Mino=s first issue is overruled. 

B         Constitutional
Claims Against Strickland       

In his second and third issues, de Mino argues that the trial
court erred in granting summary judgment on de Mino=s constitutional claims against
Strickland in his official capacity.  In
his Fourth Supplemental petition, De Mino challenges the constitutionality of
an alleged unwritten UH policy prohibiting romantic relationships between
faculty and students.  Strickland asserts
the doctrine of res judicata as an affirmative defense.  We conclude that de Mino=s constitutional claims are barred by
the doctrine of res judicata.

Because de Mino=s original suit was decided in
federal court, we apply federal law to determine whether res judicata will bar
a subsequent claim asserted in state court. 
Eagle Prop., Ltd. v. Scharbauer, 807 S.W.2d 714, 718 (Tex.
1990).  Under federal law, a claim is
barred by res judicata if (1) the parties in both suits are identical or in
privity, (2) the prior judgment was rendered by a court of competent
jurisdiction, (3) there is a final judgment on the merits, and (4) the same
cause of action is involved in both cases. 
United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994); Scharbauer,
807 S.W.2d at 718.  








The defense of res judicata is available to parties in
privity with the original defendants. Shanbaum, 10 F.3d at 310.  In this suit, de Mino sued Strickland in his
official capacity as UH Provost.  De Mino
originally brought his federal suit against UH and numerous university
officials.  Because de Mino=s current complaint is also against
an employee of UH in his official capacity, we conclude the parties in both
suits are in privity.  See Russell v.
Sun Am. Sec., Inc. 962 F.2d 1169, 1174B75 (5th Cir. 1992) (employer-employee
relationship satisfies privity requirements of res judicata).          

Further, a federal district court of competent jurisdiction
entered a final judgment as to de Mino=s breach of contract and
constitutional claims on the merits.[3]  De Mino argues that the constitutional claims
asserted in this suit are not the same as his constitutional claims in the
federal suit.  However, under federal
law, a transactional approach is used to evaluate whether a cause of action is
barred by res judicata.  Agrilectric
Power Partners, Ltd. v. General Elec. Co., 20 F.3d 663, 665 (5th Cir.
1994).  Under the transactional approach,
a cause of action is the Asame@ when it is based on Athe same nucleus of operative facts.@ Id.  In his federal suit, de Mino complained
that UH breached his employment contract and violated his constitutional rights
to due process when his teaching appointment was not renewed.  In this suit, de Mino complains that his
teaching appointment was not renewed because of an unwritten UH policy that
violated his constitutional rights to due process, equal protection, free
association and privacy.  Both suits
arose from the Asame nucleus of operative facts@Cde Mino=s termination from his teaching
position at UH.   Therefore, we conclude
that both suits involved the Asame@ cause of action.   

Accordingly, the trial court properly granted summary
judgment in favor of  Strickland on the
basis of res judicata.  De Mino=s second and third issues are
overruled. 








The judgment of the trial court is affirmed.   

      

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed April 20, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

 

 











[1]  In issues four
through seven, de Mino asserts that the trial court erred by granting Sheridan=s plea to the jurisdiction.  However, the order granting the plea to the
jurisdiction formed the basis for de Mino=s
previous appeal, and the judgment of the First Court of Appeals was conclusive
as to those issues.  See De Mino v.
Sheridan, 176 S.W.3d 359 (Tex. App.CHouston
[1st Dist.] 2004, no pet.).  Therefore,
we do not address de Mino=s issues numbered four through seven.  The order now on appeal is the trial court=s order granting final summary judgment as to de Mino=s remaining claims. 
The first three issues presented by de Mino are the only issues related
to the summary judgment order and properly before this court.   





[2]  De Mino argues
that because Sheridan attested to personal knowledge in his affidavits, but
subsequently testified by deposition that he had no personal knowledge as to
the truth of the sexual harassment allegations, either the affidavit or
deposition testimony was necessarily false. 
In paragraph one of both affidavits, Sheridan stated that all facts were
true and correct and known to him pursuant to his own personal knowledge.  In paragraph five of both affidavits,
Sheridan stated that he had been informed by the Office of Affirmative Action
that a student in one of de Mino=s
classes complained that de Mino was sexually harassing her, and that de Mino
denied the harassment but admitted to having an affair with the student.  In paragraph six of both affidavits, Sheridan
stated that he did not have personal knowledge of the truth of Aany of these matters,@ but did
not have any reason to believe that the information reported to him was
untrue.  Thus, it appears that there is
no inconsistency between Sheridan=s
affidavits and his deposition testimony that he had no personal knowledge as to
the truth of the harassment allegations. 


 





[3]  De Mino
contends that because the Fifth Circuit dismissed his appeal in part as moot,
there was no final judgment on the merits. 
However, de Mino=s appeal was dismissed in part as moot because he
requested injunctive relief pursuant to an employment agreement that had
expired.  De Mino v. Achenbaum,
Nos. 02-20772, 02-20943, 2003 WL 22770156 (5th Cir. Nov. 21, 2003) (not
designated for publication).  At the time
of the trial court=s order, the employment agreement had not expired, and
the trial court issued a final summary judgment on the merits of de Mino=s claims.