# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2010

No. 10-30108
Summary Calendar

Lyle W. Cayce
Clerk

PAUL G. PRESTON; PRESTON LAW FIRM, L.L.C.,

Plaintiffs–Appellees,

v.

MARINER HEALTH CARE MANAGEMENT COMPANY, doing business as Mariner Health Care,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-7005

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mariner Health Care Management Company (Mariner) appeals the district court's grant of summary judgment in favor of Paul Preston and Preston Law Firm, L.L.C. (jointly, Preston). Mariner argues that the district court erred when it found that Mariner's claims were barred by the doctrine of res judicata. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30108

**I**

This suit arises from a dispute between Mariner and Preston over legal fees owed to Preston. Preston incurred fees of $1,944,600.92 for legal services rendered to Mariner. After Preston became concerned about the late payment of the fees, the parties entered into negotiations over the fees. Mariner claims that these negotiations culminated in an agreement to reduce the fees by $444,600.92, while Preston claims that the discount was intended to be temporary. In the ensuing months, Mariner paid $1.5 million to Preston but failed to pay the remaining balance. Eventually, Preston filed suit against Mariner for the unpaid portion of the fees. Mariner argued that Preston had agreed to accept $1.5 million as satisfaction of the entire debt. The district court in that suit found that the fee reduction was "a temporary reduction at best" and that there was "no mutual understanding . . . between the parties that the [agreement] was in full and final satisfaction, compromise, or settlement of the amount owed." Therefore, the district court found in favor of Preston for $444,600.92.

After the district court's final judgment in that case, Mariner sent Preston a letter notifying it of Mariner's intention to file a lawsuit asserting claims of fraud, breach of fiduciary duty, and legal malpractice with regard to the fee negotiations. Mariner asserted that Preston fraudulently did not inform it that Louisiana law requires compromises to be reduced to writing.

In response, Preston filed this suit, requesting a declaratory judgment that the fraud, breach of fiduciary duty, and legal malpractice claims raised by Mariner were barred by res judicata. The district court granted Preston's motion for summary judgment, and Mariner now appeals.

No. 10-30108

## II

We review a district court's grant of a motion for summary judgment de novo, applying the same standard as the district court.[1] We view the evidence in the light most favorable to the non-moving party and avoid credibility determinations and weighing of the evidence.[2] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[3] An issue of material fact is genuine if a reasonable jury could return a verdict for the non-moving party.[4]

## III

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[5] Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits."[6] Res judicata bars a claim if four elements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be

---

[1] *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

[2] *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002).

[3] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[6] *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

No. 10-30108

involved in both cases."[7]  In order to determine whether two complaints involve the same cause of action, a court must apply the "transactional test."[8]  The transactional test is satisfied if the two actions are based on the "same nucleus of operative facts."[9]  If the four elements of res judicata are met, a party is prohibited "from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action."[10]

On appeal, Mariner argues that the district court erred when it found that Mariner's claims for fraud, breach of fiduciary duty, and legal malpractice were barred by the doctrine of res judicata.  Mariner asserts that these claims were not before the district court in the original action because Mariner did not discover the basis of these claims until the trial testimony of a former Preston partner.  According to Mariner, this testimony revealed that Preston engaged in a "complex scheme" to defraud Mariner by failing to inform Mariner representatives that unwritten compromises are unenforceable under Louisiana law.  Because there was no opportunity for Mariner to present these claims in the original suit, Mariner argues that res judicata does not apply to the claims here.

Mariner's arguments are unconvincing.  Regardless of whether Preston informed Mariner about the formalities of compromise under Louisiana law,

---

[7] *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007).

[8] *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

[9] *Id.*

[10] *Shanbaum*, 10 F.3d at 310.

No. 10-30108

Mariner's claims are premised on the fact that both parties agreed to a reduction in fees. The district court in the original suit expressly found that no such agreement occurred. As the district court in that case stated, there was "no mutual understanding . . . between the parties that the [agreement] was in full and final satisfaction, compromise, or settlement of the amount owed." Therefore, the writing requirement was irrelevant because the parties did not agree to a fee reduction. The claims here, then, are based on the "same nucleus of operative facts,"[11] and thus res judicata bars Mariner from asserting those claims.

Mariner also argues that the district court in the original action did not enter a final judgment on the merits for Mariner's claims for fraud, breach of fiduciary duty, and legal malpractice since such claims were not before the court. This argument confuses the third and fourth prongs of the res judicata test and is more properly classified as an argument with regard to the fourth element—whether the same claim or cause of action was involved in both cases. The district court's judgment in the original action was clearly a final judgment on the merits.

*      *      *

For the foregoing reasons, we AFFIRM.

---

[11] *Agrilectric Power Partners*, 20 F.3d at 665.