# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2021

Lyle W. Cayce
Clerk

No. 20-20652

Angella A. Ayissi,

*Plaintiff—Appellant*,

*versus*

Kroger Texas, L.P.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-227

Before Higginbotham, Jones, and Costa, *Circuit Judges*.
Per Curiam:*

Angella Ayissi sued her employer, Kroger, raising claims of discrimination and retaliation under Title VII and the Americans with Disabilities Act ("ADA"). The district court dismissed her suit on res judicata grounds. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20652

Ayissi worked as a cashier at Kroger. She claims that her managers made discriminatory comments directed at her because of her race and gender. She also claims that she was stalked by a former employee at work, causing her anxiety and depression. As a result of these issues, Ayissi applied for medical leave on several occasions. In 2015, her manager led her to believe her request was approved. After taking leave, however, Ayissi was informed that her leave was unauthorized. When Ayissi again applied for leave in 2017, she claims that a different manager provided her with incorrect information about Kroger's leave policies. Ayissi took leave in November 2017 but was again unaware that she had not done so properly. Kroger terminated Ayissi's employment in December 2017 because her leave was improper.

In 2018, Ayissi sued Kroger, bringing claims of racial discrimination, unlawful retaliation, and hostile work environment under Title VII. The district court granted Kroger summary judgment. Ayissi filed the operative lawsuit in 2019, raising claims of discrimination and unlawful retaliation under Title VII and the ADA. The district court dismissed Ayissi's 2019 suit as barred by res judicata. Ayissi now appeals this dismissal.

We review a dismissal on res judicata grounds de novo.[1] Res judicata "forecloses relitigation of claims that were or could have been raised in a prior action."[2] A claim is barred by res judicata when (1) the parties in both the prior and current suits are identical, (2) a court of competent jurisdiction rendered the prior judgment, (3) the prior judgment was final and on the merits, and (4) the plaintiff raises the same cause of action in both suits.[3]

---

[1] *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001).

[2] *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

[3] *Id.* at 313 (citing *Howe v. Vaughan*, 913 F.2d 1138, 1143-44 (5th Cir. 1990)).

No. 20-20652

The parties contest only the fourth element. A plaintiff raises the same cause of action if both claims arise out of "the same nucleus of operative facts."[4] We consider factors such as whether "the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit."[5]

Ayissi argues that her 2019 lawsuit raises different issues because it concerns conduct by Kroger in 2017 and because she now raises a wrongful-termination claim, which she claims she did not assert in 2018. We disagree. Ayissi's 2018 complaint included an allegation that she was wrongfully terminated by Kroger and the district court expressly considered her wrongful-termination claim during her first lawsuit. Moreover, Ayissi's 2019 lawsuit alleges that she was misled about the procedures for requesting leave and discriminated against by Kroger—the same issues she raised in her 2018 suit. While subsequent wrongs can constitute a new cause of action, Ayissi's claims "originate from the same continuing course of allegedly discriminatory conduct" by Kroger, which culminated in her termination prior to the filing of her 2018 suit.[6] She thus should have included those

---

[4] *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (emphasis omitted); *see also Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994) ("[T]he critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." (internal quotation marks and citation omitted)).

[5] *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (quoting Restatement (Second) of Judgments, § 24)).

[6] *Davis*, 383 F.3d at 314.

No. 20-20652

claims in her first suit.[7] Accordingly, her 2019 lawsuit arises out of the same nucleus of operative facts.

Finally, Ayissi contends that she was unable to raise her wrongful-termination claim in 2018 because she was still waiting to obtain a right-to-sue letter from the EEOC. This argument is unavailing. We have previously held "that a plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply with general rules governing federal litigation respecting other potentially viable claims."[8] Ayissi was terminated prior to the filing of her 2018 suit and therefore on notice to include those claims in her first suit. "To prevent [her] claims from being precluded, [Ayissi] could have requested a stay" until she received a right-to-sue letter.[9] She did not, and her claims are now barred by res judicata.

The district court's dismissal is affirmed.

---

[7] *Id.* (noting that "the claims precluded in *Davis II* were so connected in time and space with the claims in *Davis I*, that they could have, and should have, been brought in the first action to create a single, convenient trial unit").

[8] *Id.* at 316 (internal quotation marks and citation omitted).

[9] *Id.*