**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No.  95-50230

---

BETTYE WARNOCK,

Plaintiff - Appellant,

VERSUS

PECOS COUNTY, TEXAS; ALEX GONZALEZ,
Individually and in His Official Capacity as
Pecos County District Judge; BROCK, Individually
and in his official capacity as Pecos County District Judge,

Defendants - Appellees.

---

Appeal from the United States District Court
for the Western District of Texas

---

July 8, 1996

Before POLITZ, Chief Judge, GOODWIN[1] and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Plaintiff's § 1983 claims against two state district judges in their individual and official capacities were dismissed with prejudice pursuant to Rule 41(a)(2).  We vacate the judgment of dismissal, reverse in part and remand with instructions.

Ms. Warnock was appointed to a two year term as Pecos County Auditor by Judges Alex R. Gonzalez and Brock Jones, judges of the 83rd and 112th Judicial Districts respectively, in accordance with § 84.002 of the Texas Local Government Code.  Ms. Warnock was not reappointed at the expiration of her term.  She alleges that the

---

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

non-renewal of her appointment was retaliation for reporting to various authorities "numerous matters of public concern that involved violations of laws and administrative regulations of the State of Texas and of the policies and ordinances of Pecos County, Texas."

Warnock seeks compensatory and punitive damages, reinstatement and attorney's fees under 42 U.S.C. § 1983 for violation of her First Amendment rights of freedom of speech, freedom of assembly, and freedom of association. The judges moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on sovereign immunity and qualified immunity. The claims were dismissed with prejudice.

Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984). A dismissal for lack of jurisdiction will not be affirmed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief. Hobbs v. Hawkins, 968 F.2d 471, 475 (5th Cir. 1992).

Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity. Holloway v. Walker, 765 F.2d 517, 519 (5th Cir.), *cert. denied*, 474 U.S. 1037 (1985). Plaintiff argues that Judges Gonzalez and Jones are not entitled to sovereign immunity in this case because the appointing of county auditor is an administrative act performed on behalf of the County, not the State. Plaintiff's argument is

2

unavailing.  The Eleventh Amendment is invoked when "the state is the real, substantial party in interest."  <u>Pennhurst</u>, 465 U.S. at 101.  The state is a real, substantial party in interest when the judgment sought would expend itself on the state treasury or domain or would restrain the state from acting or compel it to act.  <u>Id.</u> at 101 n.11.  Plaintiff seeks relief that would be provided by the state.  The state, therefore, is the real, substantial party in interest making sovereign immunity applicable to plaintiff's claims against the judges in their official capacities.

Plaintiff's claim for prospective relief (reinstatement), however, is not barred by sovereign immunity.  The Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that the state officials acted in violation of federal law.  <u>Ex parte Young</u>, 209 U.S. 123, 155-56 (1908); <u>Edelman v. Jordan</u>, 415 U.S. 651, 664 (1974); <u>Brennan v. Stewart</u>, 834 F.2d 1248, 1252 (5th Cir. 1988).  Plaintiff also seeks attorney's fees from the judges.  Claims for fees associated with prospective relief and fees that may be awarded as costs are not barred by the Eleventh Amendment.  <u>Hutto v. Finney</u>, 437 U.S. 678, 692 (1978).

The district court dismissed Plaintiff's claims with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.  On remand the district court is to dismiss those claims under Rule 12(b)(1) and is to give

3

further consideration to the claims for reinstatement and attorney's fees.

In response to the individual claims, the judges raised the defense of qualified immunity. The district court dismissed the complaint because it found the complaint did not meet the pleading requirements of <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). After the district court rendered its judgment, we issued <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir. 1995) which clarified the procedures for addressing qualified immunity. Since the district court did not have the benefit of that opinion, we vacate the dismissal of the individual claims and remand the case for further proceedings in light of <u>Schultea</u>.

We VACATE the judgment, REVERSE in part and REMAND with instructions.