IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51090
Summary Calendar
_____

WAYNE J. REITER,

                                              Plaintiff-Appellant,

versus

WILLIAM TREACY; K. MICHAEL CONAWAY;
TEXAS STATE BOARD OF PUBLIC ACCOUNTANCY,

                                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(A-99-CV-224-JN)
--------------------
June 7, 2000

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Wayne J. Reiter appeals from the district court's dismissal of his claims with prejudice, rather than without prejudice.  He also asserts on appeal that the district court erred in not granting his motion for extensions of time within which to conduct discovery and to respond to Defendants-Appellees Treacy and Conaway's motion for summary judgment. We find no reversible error in the court's failure to grant Reiter a 60-day extension of time

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to conduct discovery; and we modify the district court's judgment and affirm it as modified.

Reiter argues that the district court's dismissal of his claims with prejudice was error, insisting that claims barred by Eleventh Amendment immunity may be dismissed only without prejudice. "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (1996). Reiter is therefore correct that the district court erred in dismissing his claims against the Board with prejudice. As the dismissal itself has not been challenged, we modify the district court's judgment to be without prejudice, and affirm it as modified.

Reiter also argues that the district court's dismissal with prejudice of his claims against Treacy and Conaway was error to the extent that the district court dismissed the claims against the individual defendants in their official capacities. The district court expressly stated, however, that it perceived no claims against those individuals in their official capacities and was addressing Reiter's claims against Treacy and Conaway only in their individual capacities and dismissing them on grounds of qualified immunity. As Reiter has neither challenged the dismissal of his individual capacity claims nor contended that the district court erred in construing his complaint, we discern no error and consider this issue no further. See United States v. Brace, 145 F.3d 247, 255 (5th Cir.)(en banc), cert. denied, 525 U.S. 973 (1998). The

2

district court's dismissal with prejudice of the claims against Treacy and Conaway in their individual capacities for qualified immunity is affirmed, and Reiter has failed to brief the issue of these individuals' official capacities, so such claims are waived. Moreover, to the extent that his claims against the individuals could have been deemed to be asserted against them in their official capacities, such claims are construed to be asserted against the state and would have been subject to the same Eleventh Amendment dismissal without prejudice as to the Board if Reiter had preserved such dismissals on appeal —— which, again, he has not.

Finally, Reiter argues that the district court erred by not granting him a 60-day extension of time in which to respond to Treacy and Conaway's motion for summary judgment. A district court's denial of discovery is reviewed for abuse of discretion. Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir. 1994). Here, the district court did not abuse its discretion in denying Reiter more time for discovery. Reiter's motion for an extension of time expressly sought only 14 days to respond to the motion for summary judgment, which the district court granted. The court did not specifically mention the 60 days sought for discovery, but we find no abuse of discretion in the court's failure to extend the time further for Reiter to conduct discovery.

The district court's decision dismissing with prejudice Reiter's claims against the Texas State Board of Public Accountancy is modified to be without prejudice and affirmed as thus modified. The court's dismissal with prejudice of Reiter's claims against

3

William Treacy and K. Michael Conaway in their individual capacities on grounds of qualified immunity is affirmed, as is the court's dismissal of those defendants in their official capacities, for Reiter's failure to preserve that issue on appeal.

DISMISSAL AFFIRMED, but without prejudice as to the Texas State Board of Public Accountancy.