IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60450
Summary Calendar

———————————

NEW SOUTH FEDERAL SAVINGS BANK,

Plaintiff-Appellant,

versus

DENISE MURPHREE; PHILLIP TEMPLE; SARAH MAXCY;
ANGELO HARRIS; ANNA M. GINES, MARGIE M.
WASHINGTON; JAMES W. MAXEY, JR.;
JAMES W. GILMER; KATHERINE GILMER;
SUZANNE TEMPLE; TROY BOND; FRAN BOND,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-882-LN
--------------------
December 20, 2002
Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

New South Federal Savings Bank ("New South") appeals the
dismissal for lack of subject matter jurisdiction of its
complaint seeking declaratory relief in connection with
prospective claims that the defendants indicated they would make
in state court.  New South argues only that the dismissal should
be without, instead of with, prejudice.

————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court reviews dismissals for lack of subject matter jurisdiction de novo. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000). A dismissal for lack of jurisdiction is not a decision on the merits and should be without prejudice. FED. R. CIV. P. 41(b); Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir. 1996). For this reason, the judgment dismissing the case should have indicated that the dismissal was without prejudice. Accordingly, we vacate the dismissal with prejudice and remand for the district court to enter judgment dismissing the action without prejudice.

VACATED AND REMANDED WITH INSTRUCTIONS.