HOLDRIDGE, J.
LThis appeal stems from an employment discrimination suit that a professor, Dr. Madhwa Raj, brought against his employer, Louisiana State University (LSU), its Board of Supervisors (LSU Board), and the LSU Health and Sciences Center in New Orleans (LSU Health). Dr. Raj alleged that the defendants “harassed” him for not procuring enough grant money. The defendants responded with a peremptory exception raising an objection of res judicata, arguing that Dr. Raj had previously filed an almost identical suit in federal court, which the federal court had dismissed. The state district court sustained the exception and dismissed the suit. For the reasons that follow, we affirm in part, reverse in part, and remand.
FACTUAL AND PROCEDURAL BACKGROUND
According to Dr. Raj’s petition, in December 2009, Dr. Thomas Nolan, the then-Chair of Department of Obstetrics and Gynecology, began to harass Dr. Raj for not obtaining sufficient grant funds. Dr. Raj further alleges that, around March 2010, Dr. Nolan tried to pressure him into retiring. Dr. Raj goes on to allege that, as an additional means of pressuring him to retire, the Dean of the Medical School closed Dr. Raj’s laboratory, effective June 2010. According to Dr. Raj’s petition, the defendants’ actions exacerbated his diabetes and led to his suffering neuropathy and chest pains, which required him to take extended sick leave. Dr. Raj also alleges that he tore his rotator cuff, which led to his being continued on sick leave by his treating physician.
In May 2011, Dr. Raj filed suit in federal district court (Raj I) against the same three defendants named in the present suit. In Raj I, Dr. Raj alleged claims under an array of federal and state statutes: the Age Discrimination in Employment Act|a(ADEA);[1] Title VII of the Civil Rights Act (Title VII);[2] the Equal Pay Act;[3] fraud, fraudulent inducement, intentional misrepresentation, and intentional infliction of emotional distress, all under LSA-C.C. arts. 2315 and 1953; conspiracy to commit intentional infliction of emotional distress, conspiracy to provide unequal pay, and breach of contract, all under LSA-C.C. art. 2315, et seq.; federal employment discrimination and conspiracy to commit employment discrimination (§§ 1983 and 1985);[4] federal denial of due process and equal protection, under the Fifth and Fourteenth Amendments to the federal constitution; and “State General Tort Law.” In response, the defendants moved to dismiss Raj I under Federal Rules of Civil Procedure (F.R.C.P.) Rules 12(b)(1) (asserting a lack of subject-matter jurisdiction), 12(b)(5) (asserting insufficient service of process), and 12(b)(6) (asserting the failure to state a claim upon which relief can be granted).
Subsequently, the federal district court granted the F.R.C.P. Rule 12(b)(1) motion field on behalf of LSU and LSU Health, dismissing all claims against those defendants based upon the court’s finding that *1028 they lacked the. legal capacity to be sued.[5] As for the remaining defendant, the LSU Board, the federal district court dismissed all of Dr. Raj’s claims against it. It dismissed Dr. Raj’s ADEA claim against the LSU Board for lack of subject matter jurisdiction, based upon the state’s Eleventh Amendment immunity to suit for money damages in federal court. Additionally, in Raj I, the federal district court dismissed the remainder of Dr. Raj’s claims against the LSU Board under F.R.C.P. Rule 12(b)(6), for failure to state a claim upon which relief could be granted.
14Pr. Raj appealed the Raj I judgment to the U.S. Court of Appeals for the Fifth Circuit. That court affirmed the dismissal of all of his claims; but, for some of the claims, it did so on different grounds from those in the court below. Raj v. Louisiana State University, 714 F.3d 322 (5th Cir.2013).
We first note that the Fifth Circuit did not address the district court’s dismissal of Dr. Raj’s claims against LSU and LSU Health, finding that Dr. Raj waived appellate review of this ruling by failing to brief the issue. Id. at 327. That left only Dr. Raj’s claims against the LSU Board. The Fifth Circuit found that the district court had correctly dismissed Dr. Raj’s ADEA claim against the LSU Board for lack of jurisdiction. Id. at 328. However, and of particular importance here, the Fifth Circuit found that most of Dr. Raj’s claims against the LSU Board that the district court dismissed for failure to state a claim, actually should have been dismissed for lack of subject matter jurisdiction, including Dr. Raj’s claims under §§ 1983 and 1985, the claims under the Fifth and Fourteenth Amendments, and the claims based on state law. Id. at 328-29. In addition, the Fifth Circuit refused to reconsider the district court’s dismissal of Dr. Raj’s claims under the Equal Pay Act or for retaliation under Title VII because Dr. Raj had failed to properly address the dismissal of those claims on appeal. Id. at 330. Finally, the Fifth Circuit found that Dr. Raj had failed to state a claim for disparate treatment under Title VII, and affirmed “the district court’s dismissal of [Dr.] Raj’s complaint under Rule 12(b)(6) for failure to state a claim.” Id. at 331.
After the Fifth Circuit’s Raj I ruling, Dr. Raj filed the present suit in state district court (Raj II). In his initial state petition, Dr.. Raj re-alleged the claims he had brought in his federal complaint. In a supplemental and amending petition, Dr. Raj added a new claim under the federal Family and Medical Leave Act (FMLA).[6] In response, the defendants filed their exception of res judicata, which the state ^district court granted by judgment signed on November 22, 2013, reasoning that the Raj II claims arose from “the same set of operative facts as those which gave rise to the suit filed in federal court.” In the wake of the state district court’s Raj II ruling, Dr. Raj brought the present appeal. In it, he urges eight assignments of error. However, because the assignments contain some duplication, we include only some of them. All the issues raised by Dr. Raj’s assignments are captured by the following:
La. The complaint in state court includes a claim under the Family Medical Leave Act that was not raised in federal court, and therefore not subject to the federal doctrine of preclusion.
*1029 I.b. The federal complaint includes state law claims that are not subject to the federal doctrine of preclusion.
I.c. The state court complaint includes new and different operative facts on the federal claims not in the federal court complaint and therefore not subject to preclusion.
[[Image here]]
II.a. The federal district court did not have jurisdiction over the federal claims against the state under the eleventh amendment immunity doctrine, and therefore had no authority to make a ruling on those claims, which precludes res judicata.
[[Image here]]
Il.d. The federal court decision was not on the merits and cannot be with prejudice under Rule 12 and therefore not subject to res judicata.
APPLICABLE LAW
Res Judicata, the Law to Apply
When a Louisiana court assesses the issue of res judicata in a case in which the earlier judgment came from a federal court exercising federal question jurisdiction, the Louisiana court will apply the federal law of res judicata. See Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). At the outset, we note that in ascertaining what federal law says about res judicata, we are only bound by decisions of the United States Supreme Court, and decisions of the federal appellate courts, such as our circuit, the Fifth, are merely persuasive authority. See FIA Card Services, N.A. v. Weaver, 10-1372 (La.3/15/11), 62 So.3d 709, 714; Shell Oil Co. v. Sec’y, Revenue & Taxation, 96-0929 (La.11/25/96), 683 So.2d 1204, 1210, n. 11. Although the decisions of the U.S. Fifth Circuit are not binding authority for us, our federal circuit’s cases on res judicata supply useful guidance in navigating these federal waters. Thus, in the present appeal, we choose to follow the Fifth Circuit decisions cited here.
Res Judicata, Standard of Review
Federal appellate courts reviewing res judicata effect of a prior judgment apply the de novo standard of review. E.g., Test Masters Educ. Services, Inc. v. Singh, 428 F.3d 559, 571 (5th Cir.2005), cert. denied, 547 U.S. 1055, 126 S.Ct. 1662, 164 L.Ed.2d 397 (2006). That same standard has been applied by a Louisiana appellate court reviewing the res judicata effect of a prior federal judgment. Morales v. Parish of Jefferson, 10-273 (La.App. 5th Cir.11/9/10), 54 So.3d 669, 672. Thus, we apply the de novo standard here.
Res Judicata, Federal Law
Almost 90 years ago, when Judge Learned Hand authored Irving National Bank v. Law, 10 F.2d 721, 724-725 (2nd Cir.1926), res judicata was already an old legal doctrine, but another case from that period observed that res judicata was no brittle relic:
This doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect.
Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. *1030 1148 (1917) (internal quotation marks and citations omitted).
In the federal system, the doctrine of res judicata means that “a valid final judgment may bar a party from seeking certain remedies, whether the party’s right |7to those remedies was actually litigated in the earlier proceeding or not, if the later-asserted right is found to arise out of the same transaction as the claim or cause of action presented in the earlier proceeding.” Pilie & Pilie v. Metz, 547 So.2d 1305, 1310 (La.1989) (citing, among other authorities, Federated Dep’t Stores v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). The Louisiana Supreme Court has explained that, in the federal system, res judicata is also known as claim preclusion and has the following function and goal:
[W]hen a judgment is rendered for a defendant, the plaintiffs claim is extinguished; the judgment then acts as a “bar.” Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach. Kaspar Wire Works, Inc. v. Leco Engineering & Mach., 575 F.2d 530 (5th Cir.1978) (Rubin, J., citing authorities). See Restatement (Second) of Judgments §§ 18-20 (1982).
Reeder, 623 So.2d at 1271.
Federal courts within the U.S. Fifth Circuit have settled upon a four-pronged test for determining if res judica-ta should block a later legal claim:
For a prior judgment to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases.
Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 559 (5th Cir.1983) (en banc) (quoting Kemp v. Birmingham News Co., 608 F.2d 1049, 1052 (5th Cir.1979)).
In the present appeal, the third prong of Nilsen’s res judicata test — a final judgment on the merits in the prior judgment — is of particular relevance here. Thus, we note two additional points about what, in the federal system, constitutes a final judgment for res judicata purposes. First, when a federal court lacks jurisdiction over the subject matter of a claim, a dismissal of the claim on those grounds is not considered to be a final judgment on the merits in a subsequent court that does have |scompetent jurisdiction. Eg., Voisin’s Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir.1986); Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir.1985) (explaining that “[a] dismissal for want of jurisdiction bars access to federal courts and is res judicata only of the lack of a federal court’s power to act”); Benton, Benton & Benton v. Louisiana Pub. Facilities Auth., 95-1367 (La.App. 1st Cir.4/4/96), 672 So.2d 720, 722-23, writ denied, 96-1445 (La.9/13/96), 679 So.2d 110. Second, and in stark contrast to the first point, when a federal court dismisses a claim- for failure to state a claim under F.R.C.P. Rule 12(b)(6), that' dismissal does constitute a final decision on the merits for res judicata purposes. See Federated Dep’t Stores, Inc., 452 U.S. at 399, n. 3, 101 S.Ct. 2424; Hall v. Tower Land and Inv. Co., 512 F.2d 481, 483 (5th Cir.1975).
Additionally, if all four prongs of the test set forth in Nilsen are met, but *1031 the claim in question was not asserted in the earlier litigation, then the jurisprudence in the Fifth Circuit provides that the claim will be barred by res judicata only if the plaintiff could and should have asserted it in the earlier proceeding. That finding is determined by a two part inquiry: (1) whether, and to what extent, the plaintiff had actual or imputed awareness, during the first proceeding, of a real potential for the currently asserted claim, and (2) whether the tribunal in the earlier litigation possessed the procedural mechanisms that would have allowed the plaintiff to assert such a claim.n See In re Paige, 610 F.3d 865, 873-74 (5th Cir.2010); In re Intelogic Trace, Inc., 200 F.3d 382, 388 (5th Cir.2000); Matter of Howe, 913 F.2d 1138, 1144-1145 (5th Cir.1990). As the Fifth Circuit has explained about this additional test, “[ojnly if we determine that the claims asserted here could and should have been asserted in the earlier ... proceeding are [the] claims barred by res judicata.” In re Paige, 610 F.3d at 873.
DISCUSSION
In our view, the extent to which res judicata applies to the claims in Raj II is | ¡¡most efficiently analyzed by beginning with those claims that clearly are not barred. Therefore, after a preliminary matter, we will start our discussion with the claims clearly not barred, then turn to the applicability of res judicata to the remaining claims.
Preliminary Matter
We note at the outset that, in the federal system, there are generally two types of jurisdiction in civil cases: federal question jurisdiction and diversity of citizenship jurisdiction. See, generally, 13 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3522 (3d ed.). Relevant here is the fact that Congress has authorized the federal district courts to exercise original jurisdiction in “all civil actions arising under the Constitution, laws, or treaties of the United States.” 28 U.S.C. § 1331. Such federal question jurisdiction exists when a federal law creates the cause of action asserted in a complaint. E.g., Gunn v. Minton, — U.S. -, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013).
Here, Dr. Raj alleged in his complaint in Raj I that the court had subject matter jurisdiction under an array of federal statutes, as well as pendent jurisdiction over his state-law-based claims. Thus, it is evident that, here, the federal district court and the federal court of appeals were exercising their federal question jurisdiction. As noted earlier, when a Louisiana court reviews an issue of res judicata in a case in which the initial litigation was in a federal court exercising federal question jurisdiction, the Louisiana court will apply the federal law of res judicata. Reeder, 623 So.2d at 1271. Therefore, we will apply the federal law of res judicata here.
The Claims Clearly Not Barred
Dr. Raj argues that the state district court incorrectly dismissed all of the claims in Raj II. As we noted earlier, the third prong of Nilsen’s four-pronged res judicata test is that the first judgment had to be “a final judgment on the merits.” Nilsen, 701 F.2d at 559. As we also noted, if a claim in the earlier case was dismissed |infor lack of subject matter jurisdiction, such a dismissal is not considered a final judgment on the merits for res judicata purposes if the same claim is raised later in a court of competent jurisdiction. E.g., Daigle, 774 F.2d at 1348. Here, most of the claims Dr. Raj raised in federal court were claims that were dismissed for lack of subject matter jurisdiction. First, the Fifth Circuit declined to address the federal district court’s dismissal of Dr. Raj’s claims *1032 against LSU and LSU Health ,due to his failure to brief the issue. Second, the Fifth Circuit also dismissed for lack of jurisdiction certain specific claims against the remaining defendant, the LSU Board. Those claims were:
(1) the claim against the LSU Board under the ADEA;
(2) the claims against the LSU Board under §§ 1983 and 1985;
(3) the claims against the LSU Board under the Fifth and Fourteenth Amendments; and
(4) the claims against the LSU Board based upon state law.
Thus, although Dr. Raj re-alleged all those claims again in Raj II, none of them is barred by the federal law of res judicata. See Id. Therefore, we find merit in Dr. Raj’s argument that the state district court incorrectly dismissed these claims on res judicata grounds, and conclude that it was legal error for the state district court to have dismissed these claims.
The Claims That Remain
After subtracting from Raj II the claims that are clearly not barred by res judicata, that leaves only the following claims to be reviewed: the claims against the LSU Board under the Equal Pay Act and Title VII, and the claim against all three defendants under the FMLA. The FMLA claim differs from the first two claims, in that it was not raised in the federal litigation. Therefore, we will take it up separately, after discussing the first two.

\ ^Claims under the Equal Pay Act and Title VII

Unlike those claims that the Fifth Circuit found the federal courts lacked jurisdiction to consider, the Fifth Circuit found that the claims against the LSU Board under the Equal Pay Act and Title VII were ones over which the federal courts could exercise subject matter jurisdiction. Raj I, 714 F.3d at 329-30. The federal district court dismissed both of these claims under F.R.C.P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Later, the federal appeals court affirmed the district court’s F.R.C.P. Rule 12(b)(6) dismissal of both claims. Id. at 331.
Dr. Raj argues in one of his assignments of error that “the federal court decision was not on the merits and cannot be with prejudice under Rule 12” and was therefore not subject to res judicata. In support of that argument, Dr. Raj cites Warnock v. Pecos County, Tex., 88 F.3d 341, 343 (5th Cir.1996). However, Dr. Raj’s reliance upon Wamock is misplaced; instead of advancing his argument, it does the opposite. As Wamock itself explains, F.R.C.P. Rule 12 is not monolithic; instead, it contains distinctly different concepts with distinctly different effects.
The Wamock decision notes that the two defendants requested that the district court dismiss the claims against them under F.R.C.P. Rule 12(b)(6), and the district court did grant dismissal of those claims with prejudice under F.R.C.P. Rule 41(a)(2). Warnock, 88 F.3d at 343. However, the Warnock decision then goes on to explain that the district court had ruled incorrectly. Wamock held that, because the claims were subject to Eleventh Amendment immunity, they should have been dismissed without prejudice under F.R.C.P. Rule 12(b)(1), not with prejudice under F.R.C.P. Rule 12(b)(6). Id. Thus, Wamock undercuts Dr. Raj’s argument insofar as his Equal Pay Act and Title VII claims are concerned. Here, the federal district court dismissed Dr. Raj’s Equal Pay Act and Title VII claims under F.R.C.P. Rule 12(b)(6) for failure to state a claim, and the Fifth Circuit affirmed that dismissal. And, as the defendants here point out in their brief, a dismissal under *1033 F.R.C.P. Rule 11g12(b)(6) constitutes an adjudication on the merits. E.g., Federated Dep’t Stores. Inc., 452 U.S. at 399, n. 3, 101 S.Ct. 2424; Hall, 512 F.2d at 483. Thus, to the extent that Dr. Raj contends that the federal decisions on his Equal Pay Act and Title VII claims were not adjudications on the merits, we find that argument lacks merit.
Of course, adjudication on the merits is only one of the four prongs in the Nilsen test for res judicata. We will now examine the other three.
The first prong of Nilsen is that the parties must be identical in both suits. Our examination of the record reflects that the parties are the same in Raj I and Raj II. The second prong of Nilsen is that the prior judgment must have been rendered by a court of competent jurisdiction. A federal district court exercises its federal question jurisdiction when the allegations of the complaint are founded on a claim or right arising under the Constitution, treaties or laws of the United States. Gunn, 133 S.Ct. at 1064. Dr. Raj asserted his Equal Pay Act and Title VII claims in federal district court, each under a specific federal statute. Therefore, we conclude that the federal district court that rendered the decision in Raj I was a court of competent jurisdiction. We have already discussed the third prong of Nilsen, a final judgment on the merits, and that such exists here. Nilsen’s fourth prong requires that the same cause of action be asserted in both eases. Here, Dr. Raj asserted his Equal Pay Act claim and his Title VII claim in both Raj I and in Raj II, and makes the same allegations of fact in both. We note that Dr. Raj argues in his brief that Raj I should not bar Raj II because “[i]n state court there were Supplemental allegations ... not considered by [the] federal court[.]” Dr. Raj does not specify whether he makes that argument about his Equal Pay Act claim and his Title VII claim. However, if he intends that this argument should apply to his Equal Pay Act and Title VII claims, his argument is wide of the mark.
Under the fourth prong of Nil-sen’s res judicata test, it is not the allegations that have to be the same, it is the cause of action. To determine whether the same | iscause of action is present in both the earlier case and the later one, the Fifth Circuit has adopted a transactional test. That transactional test looks to the underlying events that prompted the plaintiff to seek legal redress:
Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. If the factual scenario of the two actions parallel, the same cause of action is involved in both. The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry.
Agrilectric Power Partners, Ltd. v. Gen. Elec. Co., 20 F.3d 663, 665 (5th Cir.1994) (footnotes and internal quotation marks omitted).
Applying that transactional test to Dr. Raj’s Equal Pay Act and Title VII claims, the record does reflect that Dr. Raj has added some new factual allegations about disparate treatment and harassment in Raj II. However, those new allegations merely provide more details about how the defendants’ actions allegedly discriminated against him. For example, Dr. Raj attaches to his supplemental and amending petition in Raj II a spreadsheet comparing faculty salaries, and the spreadsheet shows Dr. Raj’s salary as the lowest on the page. However, in our view, the new allegations in Raj II have the “same nucleus of operative facts” as his Equal Pay Act and Title *1034 VII claims in Raj I. Thus, the new allegations in Raj II do not assert a different cause of action based upon the Equal Pay Act and Title VII; instead, they simply expand upon the earlier allegations in Raj I based upon the same statutes. Therefore, we find no merit in Dr. Raj’s assignment that his new allegations in Raj II preclude the application of res judicata to bar his Equal Pay Act and Title VII claims in that suit. In sum, we find all four prongs of the Nilsen res judicata test have been met regarding Dr. Raj’s claims against the LSU Board under the Equal Pay Act and Title VII. Hence, we conclude that the state district court was correct in dismissing those two claims in Raj II as barred by res judicata.
| uClaim under FMLA
We now turn to Dr. Raj’s claim against the defendants under the federal FMLA. The FMLA entitles an eligible employee of a covered employer to twelve weeks of unpaid leave in a twelve-month period and, afterward, entitles the employee to return to his or her former position or an equivalent one. 29 U.S.C. §§ 2612(a)(1) and 2614(a); see also Bocalbos v. Nat’l W. Life Ins. Co., 162 F.3d 379, 383 (5th Cir.1998), FMLA protects the employee from intercert. denied, 528 U.S. 872, 120 S.Ct. 175, 145 L.Ed.2d 148 (1999). In addition, the ference with his or her leave, and against discrimination or retaliation for asserting his or her rights under the act. See 29 U.S.C. § 2615(a)(1).
Dr. Raj’s FMLA claim is different from the rest of the claims in Raj II, in that it is the only Raj II claim that was not asserted in Raj I. Dr. Raj argues in one of his assignments of error that his FMLA claim is not barred by res judicata, because he never raised it in Raj I. However, that argument does not mention long-settled federal jurisprudence to the contrary, much less explain why that jurisprudence does not apply here. Merely because a claim was not asserted in the earlier litigation does not necessarily mean that res judicata may not bar that previously unraised claim, as the Fifth Circuit’s Nilsen decision teaches:
That the issue presented here was never decided in the former case does not signify; according to general theories of judicial estoppel, to which federal courts have traditionally adhered, it is black-letter law that res judicata ... bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated. And it is equally settled that one who has a choice of more than one remedy for a given wrong, as [the plaintiff] did here, may not assert them serially, in successive actions, but must advance all at once on pain of bar.
Nilsen, 701 F.2d at 560 (footnotes, citation in text, internal emphasis, and internal quotation marks omitted).
Therefore, we turn to the task of reviewing whether the state district court was correct in concluding that Dr. Raj’s FMLA claim in Raj II was barred by res judicata. 11fiWe will start with the four-pronged Nil-sen res judicata test. Then, because Dr. Raj did not assert his FMLA claim in Raj I, we will then apply the additional two-step test for res judicata for previously-unraised claims, which is found in In re Paige.
In applying the Nilsen test, we have already noted that the first three prongs are all met in the case before us, and because those three prongs do not pertain to the cause of action, we need not plow that ground again. However, the fourth prong of Nilsen — requiring the same cause of actio^i to be involved in both cases — is one we have not yet addressed in *1035 regard to the FMLA claim. As we pointed out previously, the Fifth Circuit analyzes this prong by using a transactional test to determine whether the “same nucleus of operative facts” is present in both the earlier and later suits. Agrilectric Power Partners, Ltd., 20 F.3d at 665. The Fifth Circuit has provided the following guidance about that transactional test: .
Under the transactional test, a prior judgment’s preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose. What grouping of facts constitutes a transaction or a series of transactions must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations or business understanding or usage. The critical issue under the transactional test is whether the two actions are based on the same nucleus of operative facts. Thus, we must review the facts contained in each complaint to determine whether they are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts.
Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 313 (5th Cir.2004) (citations in text and internal quotation marks omitted). In keeping with that guidance, we turn to the task of comparing the facts alleged in Raj I with those in Raj II that assert the FMLA claim.
As noted earlier, the allegations in Raj I paint the defendants as engaging in a series of acts to try to intimidate Dr. Raj into resigning. While Dr. Raj’s allegations in Raj I do not always say when they occurred, those allegations are specific about what occurred. Among Dr. Raj’s allegations in Raj I are the following: in December |1fi2009, Dr. Nolan began to harass him for not obtaining sufficient grant funds; around March 2010, Dr. Nolan tried to pressure him into retiring; to further try to pressure him into retiring, the Dean of the Medical School closed Dr. Raj’s laboratory, effective June 2010; and, the defendants’ actions exacerbated his diabetes and led to his suffering neuropathy and chest pains, which required him to take extended sick leave. As further context, Dr. Raj also alleges that, at some point, he tore his rotator cuff, and that led to his being continued on sick leave by his treating physician.
By comparison, in Raj II, Dr. Raj alleges the following in his supplemental and amending petition, under the heading “FMLA and Discrimination In The Administration of Leave Policy”: he applied for FMLA leave due to “the stress brought on by the harassment and a family matter” which “did not sit well with [the] Chair, as he was expecting Petitioner to give in to his pressure and write a letter of retirement”; when he exercised his rights under FMLA, “additional harassment began on top of the harassment based on race and ethnicity, and this further harassment also exacerbated Petitioner’s diabetic neuropa-thy, pain from a rotator cuff tear of Petitioner’s shoulder, and lower back pain”; even though he “submitted the appropriate documentation and doctorsf] notes for FMLA, leave, sick leave[,] and all other purposes” his leave requests have not been granted “on a non-discriminatory basis”; and, while he may be able to return to work in three to six months if he continues to improve, he “cannot return to work unless his laboratory is restored.”
In our view, the allegations in Dr. Raj’s FMLA claim in Raj II, while more subjective than those in his claims in Raj I, do *1036 show the FMLA claim is intertwined with his other claims of discrimination. Specifically, the claims in Raj I and the FMLA claim in Raj II both refer to an alleged attempt to pressure him into resigning his position, and both refer to the forced closure of his laboratory. Given that the Raj I claims and the Raj II FMLA claim arose out of those same transactions, or |17common nucleus of operative fact, we find that Dr. Raj’s FMLA claim in Raj II satisfies the fourth prong of Nilsen’s res judicata test. See Davis, 383 F.3d at 313; and see Agrilectric Power Partners, Ltd., 20 F.3d at 665. Thus, all four prongs of the Nilsen re judicata test are met here.
However, our review of whether the FMLA claim is barred by res judicata is still not complete. As we noted, in addition to the four-pronged test of Nilsen, the Fifth Circuit also uses a two-step test to assess whether a claim not brought in the earlier litigation is barred by res judi-cata. That two-step test is articulated in In re Paige, 610 F.3d at 873-74: (1) whether, and to what extent, the plaintiff had actual or imputed awareness, during the first proceeding, of a real potential for the currently asserted claim, and (2) whether the tribunal in the earlier litigation possessed the procedural mechanisms that would have allowed the plaintiff to assert such a claim there. We will now apply each step in the In re Paige test, taking up the second step first.
Part of the question posed by the second step, whether the tribunal in the earlier litigation had ' procedural mechanism to hear an FMLA claim is straightforward, because a federal district court generally does have jurisdiction to hear a claim, based on the FMLA, which is a federal statute. E.g., Gilbert v. Donahoe, 751 F.3d 303, 311 (5th Cir.2014). However, applying the second step of In re Paige in this case does not end there.
That is because in Raj I, 714 F.3d at 328, the Fifth Circuit found that the LSU Board is an arm of the State of Louisiana for the purposes of the Eleventh Amendment. Thus, we must also ascertain whether the state enjoys Eleventh Amendment immunity from FMLA claims for money damages in federal court. The U.S. Supreme Court has ruled that Congress, under its powers granted by the Fourteenth Amendment, has the authority to abrogate state sovereign immunity under the Eleventh Amendment to suits for money damages in federal court. E.g., Nevada Dep’t of Human Res. v. Hibbs, 538 U.S. 721, 726-28, 123 S.Ct. 1972, 1977, 155 L.Ed.2d 953 (2003). The U.S. Supreme Court also has ruled that, in enacting the FMLA, Congress exercised its authority under the Fourteenth Amendment to abrogate the states’ immunity to suit in federal court for money damages under the Eleventh Amendment. Id., 538 U.S. at 726-28 and 735, 123 S.Ct. 1972. Hence, the federal district court where Dr. Raj brought his Raj I claims had the procedural capacity to also hear his FMLA claim, if he had brought it there. Thus, we find that the second step of the In re Paige two-step test is satisfied here.
That leaves the first step of that test: whether, and to what extent, the plaintiff had actual or imputed awareness, during the first proceeding, of a real potential for the currently asserted claim. See In re Paige, 610 F.3d at 873-74. We have carefully examined the record for information that would answer that question. What we find is that the record shows that Dr. Raj filed his complaint in Raj I in federal district court on May 12, 2011. The record also shows that, in Raj II, he applied for FMLA leave due to “the stress brought on by the harassment and a family matter” which “did not sit well with [the] Chair, as he was expecting Petitioner *1037 to give in to his pressure and write a letter of retirement.” Further, the record shows that, in Raj I, Dr. Raj alleged that he was asked to write this letter of retirement “[a]round March of 2010[.]” Thus, while Dr. Raj does not specifically allege in Raj II just when the defendants violated his rights under the FMLA, the allegations in Raj I and Raj II suggest that Dr. Raj applied for FMLA leave somewhere around March 2010, or at some point not long after, which would place his application for FMLA leave more than a year before he filed his complaint in Raj I. Additionally, the Raj I complaint alleges that Dr. Raj did “go on sick leave[,]” but does not specify when that occurred. Also, the Raj II petition alleges that, at some unspecified point, Dr. Raj had accrued almost one and a half years of sick leave, and “began to avail of this sick leave after his FMLA leave expired, upon physician’s advice.” Finally, the Raj II petition _Jj_2alleges that, even though he “submitted the appropriate documentation and doctors[’] notes for FMLA, leave, sick leave[,] and all other purposes,” his leave requests have not been granted “on a non-discriminatory basis.”
As the foregoing shows, neither the allegations in Raj I and Raj II, nor anything else we have found in our review of the record, permits us to discern when Dr. Raj claims the defendants violated his FMLA rights. Indeed, the Raj II allegations are somewhat unclear about just what the defendants did that violated those rights, although it appears he alleges that they denied him FMLA leave. Importantly, we cannot tell whether Dr. Raj claims the defendants violated his FMLA rights before, during, or after, the time he claims they violated his other rights, such as those under the Equal Pay Act and Title VII. In other words, we cannot compare when Dr. Raj claims his FMLA rights were violated in relation to the date he filed his Raj I suit in federal court.
In sum, the record fails to provide the basis upon which to draw an informed conclusion concerning the extent of Dr. Raj’s actual or imputed knowledge about the potential for his FMLA claim during the pendency of the Raj I complaint. Therefore, we have no choice but to reverse the state district court’s judgment insofar as it dismissed Dr. Raj’s FMLA claim, and remand the case to that court for further proceedings to determine whether res judicata bars that claim under In re Paige.
DECREE
Accordingly, for the reasons set forth in this opinion, we reverse the district court’s judgment insofar as it dismissed Dr. Raj’s following claims as barred by res judicata:
A. All claims against LSU and LSU Health; and
B. The following specific claims against the LSU Board:
(1) the claim against the LSU Board under the ADEA;
(2) the claims against the LSU Board under §§ 1983 and 1985;
|sn(3) the claims against the LSU Board under the Fifth and Fourteenth Amendments; and
(4) the claims against the LSU Board based upon state law.
Further, we affirm the district court’s judgment insofar as it dismissed Dr. Raj’s following claims against the LSU Board as barred by res judicata:
(1) the claim under the Equal Pay Act; and
(2) the claim under Title VII.
Further, we reverse the district court’s judgment insofar as it dismissed Dr. Raj’s claims under the FMLA against LSU, LSU Health, and the LSU Board as *1038 barred by res judicata, and remand for further proceedings consistent with this opinion regarding the issue of whether res judicata bars those claims.
Finally, the costs of this appeal, $773.00, are to be divided evenly between the parties with the plaintiff, Dr. Madhwa Raj, being ordered to pay $386.50 and the defendants, LSU, the LSU Board of Supervisors, and the LSU Health and Sciences Center in New Orleans, ordered to pay $386.50.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

. 29 U.S.C. §§ 621-34.

. 42 U.S.C. § 2000e, et seq.

. 29 U.S.C. § 206(d)(1).

. 42 U.S.C. §§ 1983, 1985.

. The federal district court decision is published electronically at Raj v. Louisiana State University, No. 11-1126, 2012 WL 629954 (E.D.La. Feb. 27, 2012), aff'd, 714 F.3d 322 (5th Cir.2013).

. 29 U.S.C. § 2601, etseq.