# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2024

Lyle W. Cayce
Clerk

————————

No. 23-20484
Summary Calendar

————————

Micheal W. Barnes,

*Plaintiff—Appellant*,

*versus*

John E. Zitman; Diane Hill; Larry Finley; Steve Cupid; Erne Gonzalez; Buster Emmons; Lab Technician; Joni M. Vollman; Alfonso Macias; District Attorney Kim Ogg; The State of Texas; Harris County Precinct Four Internal Affairs Division; The Conviction Integrity Review Committee; Harris County,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2846

————————————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20484

Plaintiff-Appellant, Michael W. Barnes, proceeding *pro se* and *in forma pauperis*, appeals the district court's judgment dismissing his claims against Defendants-Appellees, the State of Texas, Harris County, and various state and county employees and agencies. We AFFIRM the dismissal with prejudice of Barnes's claims against all Defendants except the State of Texas. We AFFIRM AS MODIFIED the dismissal of Barnes's claim against the State of Texas to reflect that the dismissal is without prejudice.[1]

## I.

In May 2007, Barnes was convicted by a jury of burglary of a habitation under Texas law and sentenced to thirty-five years in prison. His conviction and sentence were affirmed on direct appeal. Barnes was released from prison approximately twelve years later and has been on parole since October 2018.

In June 2023, Barnes filed this action, which he entitled "Deprivation of Rights under the 'Color of Law,' Title 18 U.S.C., Section 242,"[2] in state court. He alleged that he was arrested "without an arrest warrant issued from a neutral and detached magistrate based upon factual statements to determine probable cause." He further asserted that he was "maliciously accused" of committing burglary of a habitation and that the court records did not indicate his "true arrest date."

Barnes asserted that he has suffered irreparable harm from his prison sentence and the approximate twelve years he served in prison. He

---

[1] Dismissal on the basis of Eleventh Amendment immunity deprives the district court of jurisdiction and, thus, dismissal of claims against a state on that basis must be without prejudice. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

[2] Section 242 provides for criminal penalties for the deprivation of civil rights under certain circumstances.

contended that he suffers from extreme panic, stress, and anxiety which disrupt his everyday life. As relief, Barnes requested that Defendants be ordered to "release all information in reference to the validity and constitutionality of his arrest," and that "upon a finding that [his] constitutional rights were violated," Barnes "be released immediately from all forms of his illegal restraint."

Noting that Barnes alleged a federal cause of action under 18 U.S.C. § 242, Defendants removed this action to federal district court. Thereafter, Defendants filed motions to dismiss based on various grounds, including (1) lack of jurisdiction based on the Eleventh Amendment, (2) failure to state a claim because § 242 provides only for criminal liability for the deprivation of civil rights and not a private cause of action, (3) to the extent Barnes's action could be construed as a civil action under 42 U.S.C. § 1983, the Defendants sued in their individual capacities were entitled to qualified immunity, (4) barred by the two-year limitations period, (5) absolute prosecutorial immunity, (6) lack of respondeat superior liability, and (7) impermissible collateral attack on his criminal conviction and, thus, barred under *Heck v. Humphrey*.[3]

The district court granted the Defendants' motions. The court determined that "[i]n the usual course of legal proceedings," the issues raised by Barnes were matters "addressed by direct appeal or through state and/or federal habeas proceedings." Additionally, the court determined that the claims were time-barred, precluded by exhaustion and failure to exhaust, and also barred as a matter of law citing the Eleventh Amendment. Barnes filed a timely notice of appeal.

---

[3] 512 U.S. 477 (1994).

## II.

On appeal, Barnes argues that Defendants "never acquired legal authority to arrest, detain, or convict" him. Specifically, he contends that Defendants did not "follow procedural due process requirements before arresting [him]" and that as a result "[t]he initial charging instrument . . . did not rise to the level of showing probable cause."

As Defendants point out, Barnes makes no argument regarding the district court's various bases for dismissing his suit. Barnes does not challenge the district court's determination that the issues he raises must be asserted on direct appeal or through state and/or federal habeas proceedings; that his claims in any event would be time-barred; and that any claim against the State of Texas is barred by the Eleventh Amendment.

Although this Court liberally construes *pro se* briefs, "*pro se* parties must still brief the issues."[4] Because Barnes fails to challenge the bases for the district court's dismissal of his claims, Barnes has waived those issues, and it is the same as if he has not appealed the judgment.[5]

Barnes contends that he was not "appealing his conviction" by filing his suit but actually "appealing the denial of information he requested under the public information act." Barnes asserts, citing Texas law, that "there was a guaranteed right to the requested information." As Defendants pointed out in the district court, however, if Barnes believes that a state governmental body has not provided information requested pursuant to a

---

[4] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[A]rguments must be briefed to be preserved.").

[5] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").

No. 23-20484

Public Information Act request, then he may be entitled to relief in state court under section 552.3215 of the Texas Government Code.[6]

Based on the foregoing, the district court's judgment dismissing with prejudice Barnes's claims against all Defendants except the State of Texas is AFFIRMED. The judgment is AFFIRMED AS MODIFIED to reflect that Barnes's claim against the State of Texas is dismissed without prejudice.

---

[6] *See* Chapter 552, entitled "Public Information" of Texas Government Code.